IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Kelley Carper,                              Case No. 2:14-cv-01185-AA
                                                 OPINION AND ORDER
            Plaintiff,

      v.

Carolyn W. Colvin,
Commissioner of Social
Security,

            Defendant.

---

Rory Linerud
Linerud Law Firm
P.O. Box 1105
Salem, OR 97308
      Attorney for plaintiff

Billy J. Williams
Ronald K. Silver
United States Attorney's Office
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97201

Franco L. Becia
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075
      Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Kelley Carper brings this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's applications for Title II disability iqansurance benefits and Title XVI supplemental security income disability benefits under the Act. For the reasons explained below, the ALJ's decision is affirmed and this case is dismissed.

## BACKGROUND

Born September 11, 1961, plaintiff was 39 years old on the alleged disability onset date of September 1, 2001. Tr. 24, 31. Plaintiff completed tenth grade. Id. at 28. Plaintiff "can do simple math but has no computer skills." Id. Her previous jobs include pet care, in-home caregiver, lawn maintenance, and cleaner. Id. Plaintiff alleges she suffers from: lifelong asthma, chronic bronchitis, chronic obstructive pulmonary disease, back spasms, migraines, insomnia resulting from pain in her back and hips, childhood and domestic abuse, kidney failure, numbness in her arm and middle fingers, and hand cramps. Id. at 28-29. In addition, plaintiff alleges difficulty breathing, walking, sitting for extended periods of time, lifting anything weighing more than a gallon of milk, tolerating gas and fumes, and handling small objects. Id.

On July 14, 2010, plaintiff filed an application for disability insurance benefits and supplemental security income, alleging disability beginning September 1, 2001. Id. at 22. Both claims were denied initially and on reconsideration, after which plaintiff filed a written request for a hearing. Id. Plaintiff appeared with counsel and testified at a hearing on October 26, 2012. Id. The ALJ found plaintiff not disabled, and capable of performing both past work and other work. Id. at 23. The Appeals Council denied plaintiff's request for review, rendering the ALJ's findings the final agency decision. Id. at 1. Plaintiff subsequently filed this appeal on May 26, 2015. Pl.'s Br. 1.

## STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations marks omitted). The court must weigh "both the evidence that supports and detracts from the [ALJ's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the ALJ's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1502. First, the ALJ determines whether a claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140; 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled.

At step two, the ALJ evaluates whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, she is not disabled.

At step three, the ALJ determines whether the claimant's impairments, either singly or in combination, meet or equal "one of a number of listed impairments that the [ALJ] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(d) (list of impairments in Appendix 1). If so, the claimant is presumptively disabled; if not,

the ALJ proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the ALJ resolves whether the claimant can still perform "past relevant work." 20 C.F.R. § 404.1520(f). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. Yuckert, 482 U.S. at 141. At step five, the ALJ must establish the claimant can perform other work existing in significant numbers in the national and local economy. Id. at 141-42; 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

At step one, the ALJ concluded the claimant, despite working "relatively steadily" until 2003, had not engaged in substantially gainful activity since September 1, 2001. Tr. 24, 29. At step two, the ALJ found the claimant has several severe impairments: diabetes, asthma, hypertension, lumbar degenerative disk disease with lumbosacral radiculitis, and obesity. Id. at 25. At step three, the ALJ found claimant's combination of symptoms, while severe, did not meet or equal the severity of impairments listed in Appendix 1. Id. at 27. At step four, the ALJ concluded plaintiff was not disabled because she had the residual functional capacity ("RFC") to perform past work. Id. at 27-31. Finally, the ALJ made the alternative finding the claimant had the RFC to perform other work existing in significant numbers in the national economy. Id.

Page 5 - OPINION AND ORDER

at 32.

## DISCUSSION

Plaintiff asserts the ALJ made three errors in finding plaintiff not disabled. First, plaintiff alleges the ALJ erred by failing to address physicians' opinions considering plaintiff's diabetes, and failing to explain how her diabetes is accommodated in the RFC findings. Pl.'s Br. 9-13. Second, plaintiff alleges the Appeals Council improperly declined to review the ALJ's findings after ignoring new lay witness testimony. Id. at 13-14. Third, plaintiff alleges the ALJ erred during step five's RFC determination by failing to consider all applicable age categories. Id. at 6-9.

I.   First Claim: The ALJ Failed to Address Physicians' Opinions of Plaintiff's Diabetes, and Failed to Explain How Her Diabetes is Accommodated in the RFC Findings

Plaintiff alleges the ALJ failed to adequately consider her severe impairment of diabetes in determining her RFC because the ALJ relied on state agency physician's opinions which do not address diabetes. Id. at 10. In addition, plaintiff alleges the ALJ failed to explain how her diabetes is accommodated by the RFC finding. Id. at 11.

An ALJ is required to determine a claimant's RFC based on all relevant evidence in the record. 20 C.F.R. §§ 404.1545(a), 416.945(a). Here, the opinions of Mary Ann Westfall, M.D., and Sharon Eder, M.D., both discuss plaintiff's diabetes. Tr. 84, 96,

107, 114, 117. In addition, plaintiff testified she has difficulty using her upper extremities. Id. at 29, 65-67. She now argues that difficulty is caused by her diabetes. Pl.'s Br. 11. As explained below, the ALJ adequately considered this relevant evidence in determining plaintiff's RFC. Tr. 27, 29.

The opinions of Mary Ann Westfall, M.D., and Sharon Eder, M.D., both acknowledge plaintiff's diabetes but do not specifically link any limitations to diabetes. Id. at 84, 96, 107, 114, 117. The only evidence of difficulties with her upper extremities is plaintiff's testimony. Id. at 29, 65-67. Therefore, plaintiff's allegation the ALJ failed to adequately consider her limitations is a challenge to the ALJ's determination plaintiff's testimony lacked credibility.

To find a claimant's testimony lacks credibility, an ALJ "must provide specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (quotation marks omitted). In the absence of evidence suggesting malingering, the ALJ's reasons for rejecting a claimant's testimony "must be clear and convincing." Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989). When an ALJ "finds that a claimant's testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive." Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (citing Bunnell v.

Sullivan, 947 F.2d 341 (9th Cir. 1991)). In making a credibility determination, the ALJ "must specifically identify what testimony is credible and what testimony undermines the claimant's complaints. In this regard, questions of credibility and resolutions of conflicts in the testimony are functions solely of the [ALJ]." Id. (citations omitted).

Although the ALJ found "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" the ALJ concluded "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." Tr. 29. The ALJ supported the adverse credibility finding with specific, cogent reasons. The ALJ explained plaintiff continued to work "relatively steadily for two more years" after the alleged disability began in September 2001. Id. In addition, the ALJ noted the plaintiff was not diagnosed with diabetes until 2007 and, despite losing fifty pounds, did not comply with taking blood pressure medication and diabetes medication. Id. These factors are permissible bases for finding plaintiff's testimony lacked credibility. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (when determining the credibility of a claimant's symptoms a court may consider the claimant's "unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment" and "work record").

Page 8 - OPINION AND ORDER

The ALJ also found plaintiff's testimony about difficulty using her arms and hands lacked credibility because the symptoms were "new impairments" raised at the hearing. Tr. 29. Despite alleging the symptoms began in 2003, plaintiff "did not mention these symptoms in any of the [medical] evaluations since that time" with the exception of one mention to Dr. Henderson in October 2010, who "failed to indicate any significant findings in association with this complaint." Id. at 29-30. Absence of medical corroboration is an insufficient basis to discredit a claimant's testimony about the severity of symptoms caused by an underlying impairment. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). However, absence of objective medical records supporting plaintiff's testimony, in combination with contradictory testimony from plaintiff about her ability to work, is a permissible basis for the ALJ to determine plaintiff's statements lack credibility. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1196-97 (9th Cir. 2004).

Although physicians' opinions confirm plaintiff's diabetes diagnosis, the only evidence of upper extremity limitation came from plaintiff's testimony, which the ALJ discounted for permissible reasons.   Because the ALJ was justified in finding plaintiff's upper extremities symptoms not credible, the ALJ's finding regarding plaintiff's RFC is affirmed.

II.  Second Claim: The Appeals Council Improperly Declined to
     Review the ALJ's Findings Based on Lay Witness Testimony

Plaintiff alleges the Appeals Council improperly elected not
to review the ALJ's findings based on lay witness statements from
Allison Cox and Teresa Daum-Futter provided to the Council after
the ALJ's decision. Pl.'s Br. 13; Tr. 6, 268 270-74. Although the
Appeals Council specifically stated it "considered . . . the
additional evidence," including letters from Ms. Cox and Ms. Daum-
Futter, it found no reason to review the ALJ's decision. Tr. 1, 5.
Plaintiff contends this error "was harmful because the statements
made by Ms. Cox and Ms. [Daum-]Futter regarding [p]laintiff's
walking difficulties establishes disability." Pl.'s Br. 14.

District courts have jurisdiction to review only final agency
actions. Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161
(9th Cir. 2011). The Appeals Council's decision to decline review
of the ALJ's decision is a non-final agency action and, therefore,
this court lacks jurisdiction to review it. Id.

To the extent plaintiff alleges the ALJ's decision is no
longer supported by substantial evidence in light of the new lay
witness testimony, plaintiff's argument fails. The testimony of Ms.
Cox and Ms. Daum-Futter offers no new insight into plaintiff's
claims and, rather, reiterates symptoms previously mentioned by
plaintiff and in third party statements by plaintiff's sister,
Donna Cisneroz, and significant other, James Johnson. For example,
Ms. Cox and Ms. Daum-Futter both report plaintiff's difficulty with

Page 10 - OPINION AND ORDER

mobility, symptoms mentioned by plaintiff in her testimony and represented in her medical records. Tr. 52-53, 56, 72-73, 84, 96, 107, 114, 117, 268, 272. As explained in section I, the ALJ had permissible reasons for disbelieving plaintiff about the severity of her symptoms. Moreover, the statements of Ms. Cox and Ms. Daum-Futter are similar to the statements of Ms. Cisneroz and Mr. Johnson, which the ALJ permissibly discredited as inconsistent with other evidence in the record. Tr. 30. When an ALJ does not consider lay witness testimony describing symptoms already within the record and properly rejected by the ALJ, there is no harmful error. Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012). The ALJ's findings are supported by substantial evidence and are affirmed.

III. Third Claim: The ALJ Failed to Examine Plaintiff's Claims Under Each Relevant Age Category, Resulting in Erroneous Determination of Plaintiff's RFC

At step five, the ALJ considered only jobs available to "younger individual[s]" age 18-49. Tr. 31. Plaintiff contends the ALJ should have also considered jobs available for "person[s] closely approaching advanced age 50-54." Pl.'s Br. 6-9. As defendant concedes, the failure to consider the "person approaching advanced age 50-54" category was error. See 20 C.F.R. 404.1563(b) (ALJ must consider all age categories applying to the claimant during the period of time for which the court determines claimant's disability). The error, however, is harmless because at step four the ALJ determined plaintiff could perform past work. See Crane v.

Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (failure to properly call a vocational expert during step five was harmless because the ALJ determined in step four claimant could perform past work). The vocational expert testified plaintiff could work as a housekeeper/cleaner. Tr. 31. Plaintiff does not challenge the ALJ's finding she could perform this past work. Accordingly, any error by the ALJ at step five was harmless.

### CONCLUSION

The Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this ⟍2ⁿᵈ day of ~~November~~ December 2015.

_____
Ann Aiken
United States District Judge

Page 12 - OPINION AND ORDER